# EXHIBIT 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

------------------------------------------------------------------------x

**TOMAS MAYOR,**                                    **Index No: 812915/2021E**

**Plaintiffs,**

    **-against-**

**MAHAMADOU S. SANKAREH and ATLANTIC**
**COOLING TECHNOLOGIES & SERVICES, LLC,**

**Defendants.**

------------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney**:
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney**:
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or

- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
## (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1)    immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2)    file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: November 8, 2021

_____
Signature

CHRISSY GRIGOROPOULOS, ESQ.
Name

THE GRIGOROPOULOS LAW GROUP, PLLC
Firm Name

60-88 MYRTLE AVENUE
Address

RIDGEWOOD, NEW YORK 11385

718-249-7447
Phone

Grigorlawgroup@gmail.com
E-Mail

Case 1:21-cv-10921-PGG   Document 1-1   Filed 12/17/21   Page 4 of 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------------X

TOMAS MAYOR,

        Plaintiffs,

   -against-

MAHAMADOU S. SANKAREH and ATLANTIC COOLING
TECHNOLOGIES & SERVICES, LLC,

        Defendants.

-----------------------------------------------------------------------X

Index No.:

Date Filed:

**SUMMONS**

Plaintiff designates BRONX
County as the place of trial.

The basis of venue is:
Defendant's Residence

To the above-named defendants:

   YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's Attorney(s) within 20 days after the service of this summons
exclusive of the day of service (or within 30 days after the service is complete if this summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Ridgewood, New York
   September 24, 2021

         Respectfully Yours,
         THE GRIGOROPOULOS LAW GROUP, PLLC.

     By:   *Madalene Sabino*

         Madalene Sabino, Esq.
         Attorneys for Plaintiff
         60-88 Myrtle Avenue
         Ridgewood, New York 11385
         (718) 249-7447

Defendants' addresses:
MAHAMADOU S. SANKAREH
1420 Washington Road
Bronx, New York 10456

ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC
80 Kero Road
Carlstadt, New Jersey 07072

Case 1:21-cv-10821-PGG   Document 1-1   Filed 12/17/21   Page 5 of 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

TOMAS MAYOR,

                  Plaintiffs,

     -against-

MAHAMADOU S. SANKAREH and ATLANTIC COOLING
TECHNOLOGIES & SERVICES, LLC,

                  Defendants.

-------------------------------------------------------------------X

Index No.:

Date Filed:

**VERIFIED COMPLAINT**

       Plaintiff by his attorneys, THE GRIGOROPOULOS LAW GROUP PLLC, complaining of the defendants herein alleges the following upon information and belief:

       1.    At all times herein mentioned, defendant, MAHAMADOU S. SANKAREH, was and still is a resident of the County of Bronx, City and State of New York.

       2.    That at all times hereinafter mentioned, defendant ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC was a limited liability company duly existing under and by virtue of the laws of the State of New Jersey.

       3.    That at all times hereinafter mentioned, defendant ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC was a limited liability company duly authorized to conduct business in the State of New York.

       4.    That at all times hereinafter mentioned, defendant ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC was a corporation doing business in the State of New York.

       5.    That at all times hereinafter mentioned, defendant ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC was the owner of a 2017 DODGE motor vehicle bearing State of New Jersey License Plate #XT499S.

       6.    That at all times hereinafter mentioned, defendant MAHAMADOU S.

FILED: BRONX COUNTY CLERK 09/24/2021 01:16 PM        INDEX NO. 812915/2021E
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 09/24/2021

SANKAREH operated the aforesaid 2017 DODGE motor vehicle bearing State of New Jersey License Plate #XT499S with the knowledge, permission and consent of defendant/owner ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC.

7.      That at all times hereinafter mentioned, defendant ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC, its agents, servants and/or employees, maintained the aforesaid 2017 DODGE motor vehicle bearing State of New Jersey License Plate #XT499S.

8.      That at all times hereinafter mentioned, defendant ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC, its agents, servants and/or employees, managed the aforesaid 2017 DODGE motor vehicle bearing State of New Jersey License Plate #XT499S.

9.      That at all times hereinafter mentioned, defendant ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC, its agents, servants and/or employees, controlled the aforesaid 2017 DODGE motor vehicle bearing State of New Jersey License Plate #XT499S.

10.     That at all times hereinafter mentioned, defendant MAHAMADOU S. SANKAREH operated the aforesaid 2017 DODGE motor vehicle bearing State of New Jersey License Plate #XT499S.

11.     That at all times hereinafter mentioned, defendant MAHAMADOU S. SANKAREH maintained the aforesaid 2017 DODGE motor vehicle bearing State of New Jersey License Plate #XT499S.

12.     That at all times hereinafter mentioned, defendant MAHAMADOU S. SANKAREH managed the aforesaid 2017 DODGE motor vehicle bearing State of New Jersey License Plate #XT499S.

13.     That at all times hereinafter mentioned, defendant MAHAMADOU S. SANKAREH controlled the aforesaid 2017 DODGE motor vehicle bearing State of New Jersey

License Plate #XT499S.

14.     That at all times hereinafter mentioned, defendant MAHAMADOU S. SANKAREH operated the aforesaid 2017 DODGE motor vehicle bearing State of New Jersey License Plate #XT499S in the scope of his employment with defendant ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC.

15.     That at all times hereinafter alleged, the plaintiff TOMAS MAYOR, operated the 2017 GMC motor vehicle bearing Florida License Plate #INBF52.

16.     That at all times hereinafter mentioned, on eastbound route 495 between New York Avenue and Palisade Avenue, County of Hudson, City and State of New Jersey, was and still is a public roadway and/or thoroughfare.

17.     That on or about May 31, 2021 at the aforesaid location, the aforesaid motor vehicles came in contact one with the other.

18.     That on the May 31, 2021, the motor vehicle owned by ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC and operated by defendant, MAHAMADOU S. SANKAREH and the motor vehicle operated by plaintiff, TOMAS MAYOR were in contact on eastbound route 495 between New York Avenue and Palisade Avenue, County of Hudson, City and State of New Jersey.

19.     That the aforesaid accident and the injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which defendants MAHAMADOU S. SANKAREH and ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC, owned, operated, maintained and controlled the aforesaid motor vehicle, without the plaintiff in any way contributing thereto.

20.     That the negligence of the defendants consisted of operating the aforesaid

motor vehicle in a negligent, careless, reckless, grossly negligent and inherently reckless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in operating the aforesaid motor vehicle with a total disregard for the health, safety and welfare of others; in failing to operate the aforesaid motor vehicle with due regard for the safety of others; in failing to keep a proper lookout; in operating the aforesaid motor vehicle at a fast and excessive rate of speed and in a manner contrary to and in violation of the statutes, police rules and regulation in such cases made and provided; in failing to provide and/or make prompt and timely use of adequate and efficient brakes and steering mechanism; in operating said motor vehicle in such a negligent, careless, reckless and grossly negligent manner as to precipitate the aforesaid accident; in failing to slow down said motor vehicle when approaching a y thoroughfare and/or other traffic; in failing to inspect said motor vehicle; in failing to properly and/or adequately inspect said motor vehicle; in failing to repair said motor vehicle; in failing to properly and/or adequately repair said motor vehicle; in failing to maintain said motor vehicle; failing to properly and/or adequately maintain said motor vehicle; and defendant was otherwise negligent careless, reckless and grossly negligent in the premises.

21.      That by reason of the foregoing and the negligence of the defendants, the plaintiff TOMAS MAYOR, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

22.      That by reason of the foregoing, the plaintiff, TOMAS MAYOR, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefor for medicines and upon information and belief, the plaintiff, TOMAS MAYOR, will

necessarily incur similar expenses.

23.     That by reason of the foregoing, the plaintiff, TOMAS MAYOR, has been unable to attend to his usual occupation in the manner required.

24.     That by reason of the foregoing, plaintiff, TOMAS MAYOR, sustained severe and permanent personal injuries, became sick, sore, lame and disabled; suffered injuries to his nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to his usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and plaintiff, TOMAS MAYOR, was otherwise damaged.

25.     That plaintiff, TOMAS MAYOR, has sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification.

26.     That plaintiff, TOMAS MAYOR, has sustained serious injury and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law.\

27.     That plaintiff, TOMAS MAYOR, is not seeking to recover any damages for which plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff.  Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

28.     That this action falls within one or more of the exceptions as set forth in CPLR §1602, §1602(1), §1602(2), §1602(3), §1602(4), §1602(5), §1602(6), §1602(7), §1602(8), §1602(9), §1602(10), §1602(11), §1602(12), and §1603.

29.     That as a result of the foregoing, the plaintiff, TOMAS MAYOR, sustained damages in an amount that exceeds the jurisdictional limits of the lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION

30.    That plaintiffs repeat, reiterate and reallege each and every allegation as contained in the First Cause of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

31.    That at all times herein mentioned, it was the duty of defendants to entrust the use of said motor vehicle to suitable, competent, qualified, experienced, trained, diligent and adequate persons.

32.    That at all times herein mentioned, it was the duty of defendants to ensure that said motor vehicle was entrusted, for use and operation as such vehicle, to persons who were fit, suitable, properly trained and instructed.

33.    That at all times herein mentioned, it was the duty of the said defendants to ensure that motor vehicles were not entrusted, for use and operation as a vehicle, to persons who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated to safely operate such vehicles.

34.    That by reason of the negligence of the said defendants in negligently entrusting said motor vehicle to the defendant operator, the plaintiff was caused to suffer severe injuries and damage, without fault or want of care on the part of the plaintiff in any way contributing thereto, thereby causing her extreme physical, mental and emotional illness and distress, as well as severe physical, mental and emotional injuries which are permanent in nature and duration.

FILED: BRONX COUNTY CLERK 09/24/2021 01:16 PM

INDEX NO. 812915/2021E

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 09/24/2021

35.     That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

**WHEREFORE**, plaintiffs demand judgment against the defendant in an amount exceeding the monetary jurisdictional limits of any and all lower courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: Queens, New York
       September 24, 2021

                              Respectfully Yours,
                              THE GRIGOROPOULOS LAW GROUP, PLLC.


              By:     _Madalene Sabino_
                              Madalene Sabino, Esq.
                              Attorneys for Plaintiff
                              60-88 Myrtle Avenue
                              Ridgewood, New York 11385
                              (718) 249-7447

FILED: BRONX COUNTY CLERK 09/24/2021 01:16 PM

INDEX NO. 812915/2021E

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 09/24/2021

STATE OF NEW YORK        }
                         }ss:
COUNTY OF QUEENS         }

     I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing SUMMONS AND COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: Queens, New York
       September 24, 2021

MADALENE SABINO

FILED: BRONX COUNTY CLERK 09/24/2021 01:16 PM
NYSCEF DOC. NO. 1

INDEX NO. 812915/2021E

RECEIVED NYSCEF: 09/24/2021

**Index No.:**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
==================================================================
**TOMAS MAYOR,**

                             **Plaintiffs,**

          **-against-**


**MAHAMADOU S. SANKAREH and ATLANTIC COOLING TECHNOLOGIES & SERVICES, LLC,**

                             **Defendants.**
==================================================================

**SUMMONS AND VERIFIED COMPLAINT**

---

**THE GRIGOROPOULOS LAW GROUP, PLLC.**
**Attorneys for Plaintiff**
**60-88 Myrtle Avenue**
**Ridgewood, NY 11385**
**Tel: (718) 249-7447 - Fax: (718) 821-1056**
**www.GrigorLawGroup.com**

---