UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMAS MAYOR,

      Plaintiff,

 - against -

MAHAMADOU S. SANKAREH, and
ATLANTIC COOLING TECHNOLOGIES
& SERVICES, LLC,

      Defendants.

**ORDER**

21 Civ. 10831 (PGG) (JW)

PAUL G. GARDEPHE, U.S.D.J.:

    Plaintiff Tomas Mayor brings this action against Defendants Mahamadou S. Sankareh[1] and Atlantic Cooling Technologies & Services, LLC, asserting claims for negligence and negligent entrustment, arising out of a motor vehicle accident in New Jersey. (See Cmplt. (Dkt. No. 1-1))

    The Complaint was filed on September 24, 2021, in Supreme Court of the State of New York, Bronx County. (Id.) On December 17, 2021, Defendant Atlantic Cooling Technologies & Services, LLC ("Atlantic Cooling") removed the case to this Court. (Notice of Removal (Dkt. No. 1))

    On May 26, 2022, Atlantic Cooling moved to dismiss the Complaint for lack of personal jurisdiction. (Dkt. No. 19) On June 15, 2022, this Court referred Atlantic Cooling's motion to Magistrate Judge Willis for a Report and Recommendation ("R&R"). (Dkt. No. 25)

---

[1] Defendant Sankareh was served on November 30, 2021. (Notice of Removal, Ex. 2 (Dkt. No. 1-2) at 2) To date, Defendant Sankareh has not responded to the Complaint in any fashion or otherwise appeared in this action.

On February 7, 2023, Judge Willis issued a thorough, eleven-page R&R recommending that Atlantic Cooling's motion to dismiss be granted. (See R&R (Dkt. No. 26))

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In accordance with Fed. R. Civ. P. 72, the R&R sets a deadline for objections, and states the consequences of a failure to object in a timely manner:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. . . . **Failure to file objections within fourteen days will result in a waiver of objections and will preclude appellate review.**

(R&R (Dkt No. 26) at 11 (emphasis in original) (citing Fed. R. Civ. P. 6; Thomas v. Arn, 474 U.S. 140 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003)))

No party has filed objections to Magistrate Judge Willis' R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, no party filed objections to Judge Willis' R&R. (See R&R (Dkt. No. 26) at 11) "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the

consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because no party filed objections to Magistrate Judge Willis' R&R, the parties have waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

This Court has reviewed Judge Willis' eleven-page R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Willis' R&R (Dkt. No. 26) is adopted in its entirety, and Plaintiff's claims against Defendant Atlantic Cooling are dismissed for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2).

The Clerk of Court is directed to terminate the motion (Dkt. No. 19), and to terminate Defendant Atlantic Cooling Technologies & Services, LLC.

As noted above, Defendant Sankareh has not responded to the Complaint in any fashion and has not otherwise appeared in this action. Any motion for a default judgment against

Defendant Sankareh will be filed by **March 10, 2023**. If no such motion is filed, Plaintiff's claims against Defendant Sankareh will be dismissed for failure to prosecute.

Dated: New York, New York
February 24, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge