UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMAS MAYOR,

           Plaintiff,

- against -

MAHAMADOU S. SANKAREH, and
ATLANTIC COOLING TECHNOLOGIES
& SERVICES, LLC,

           Defendants.

**ORDER**

21 Civ. 10831 (PGG) (JW)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Tomas Mayor brings this action against Defendants Mahamadou S. Sankareh and Atlantic Cooling Technologies & Services, LLC, asserting claims for negligence and negligent entrustment, arising out of a motor vehicle accident in New Jersey. (See Cmplt. (Dkt. No. 1-1))

      The Complaint was filed on September 24, 2021, in the Supreme Court of the State of New York, Bronx County. (Id.) On December 17, 2021, Defendant Atlantic Cooling Technologies & Services, LLC ("Atlantic Cooling") removed the case to this Court. (Notice of Removal (Dkt. No. 1))

      On November 30, 2021, Defendant Sankareh was served. (Notice of Removal, Ex. 2 (Dkt. No. 1-2) at 2) To date, Defendant Sankareh has not responded to the Complaint in any fashion or otherwise appeared in this action.

      On May 26, 2022, Atlantic Cooling moved to dismiss the Complaint for lack of personal jurisdiction. (Dkt. No. 19) On June 15, 2022, this Court referred Atlantic Cooling's motion to Magistrate Judge Willis for a Report and Recommendation ("R&R"). (Dkt. No. 25)

On February 7, 2023, Judge Willis issued an R&R recommending that Atlantic Cooling's motion to dismiss be granted. (R&R (Dkt. No. 26) at 11) On February 24, 2023, this Court adopted Judge Willis' recommendation in its entirety, and dismissed Defendant Atlantic Cooling for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). (Feb. 24, 2023 Order (Dkt. No. 27) at 3)

This Court also noted that Defendant Sankareh has not responded to the Complaint in any fashion and has not otherwise appeared in this action. (Id.) Accordingly, this Court stated that "[a]ny motion for a default judgment against Defendant Sankareh will be filed by March 10, 2023. If no such motion is filed, Plaintiff's claims against Defendant Sankareh will be dismissed for failure to prosecute." (Id. at 3-4) Plaintiff has not moved for a default judgment, nor responded to the Court's directive in any other manner. Plaintiff has taken no action in this case since June 2022, when he opposed Defendant Atlantic Cooling's motion to dismiss.

Fed. R. Civ. P. 41 provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b). "Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte." Williams v. Wellness Med. Care, P.C., No. 11 Civ. 5566 (KMK), 2013 WL 5420985, at *7 (S.D.N.Y. Sept. 27, 2013) (citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

> A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the

proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." Id. (citing Nita v. Conn. Dep't of Env't Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004) (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). Here, Plaintiff has not complied with the Court's order directing him to move for a default judgment. Moreover, Plaintiff has taken no action in this case in more than nine months. See Laney v. Ramirez, No. 10 Civ. 9063 (JGK), 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011) (alteration in original) (quoting Baker v. Smartwood, 9:00 Civ. 1189 (GTS) (GJD), 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal."); Peters-Turnbull v. Bd. of Educ. of City of N.Y., No. 96 Civ. 4914 (SAS), 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) (concluding that delay of between five and ten months "falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b)).

Under the second factor, "[t]he question . . . is whether [Plaintiff] received notice 'that further delays would result in dismissal.'" U.S. ex rel. Drake, 375 F.3d at 255 (quoting Martens, 273 F.3d at 180). Here, this Court's February 24, 2023 order expressly warned Plaintiff that his case would be dismissed for failure to prosecute if he did not move for a default judgment by March 10, 2023. (Feb. 24, 2023 Order (Dkt. No. 27) at 3)

3

The next factor – whether Defendant is "likely to be prejudiced by further delay" – is neutral. While a "[d]efendant[] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit," <u>Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.</u>, No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000), here, Defendant has shown similar disinterest by failing to answer or appear in this case.

"The fourth factor [courts] consider is the balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard." <u>U.S. ex rel. Drake</u>, 375 F.3d at 257 (citing <u>Martens</u>, 273 F.3d at 182). This factor weighs in favor of dismissal. Plaintiff's last action in this litigation took place more than nine months ago. There is no indication that Plaintiff will take any action in this case in the future.

Finally, the Court finds that lesser sanctions would be ineffective. Plaintiff has not complied with the Court's February 24, 2023 order. (<u>See</u> Feb. 24, 2023 Order (Dkt. No. 27) at 3) "The Court has no reason to suspect that Plaintiff would be responsive if lesser sanctions or court orders were imposed. Given that Plaintiff has . . . failed to respond to orders of this Court, lesser sanctions would be useless." <u>Ctr. for Monitoring Impact of Peace, Inc. v. Ctr. for Monitoring Impact of Peace, R.A.</u>, No. 06 Civ. 2390 (LAP), 2010 WL 3958823, at *3 (S.D.N.Y. Sept. 24, 2010) (citing <u>Feurtado v. City of New York</u>, 225 F.R.D. 474, 480 (S.D.N.Y. 2004)); <u>Smith v. Human Res. Admin.</u>, No. 91 Civ. 2295 (MGC), 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) ("[L]esser sanctions are not appropriate . . . [as][c]ourt orders and direction have not prompted plaintiff to move h[is] case forward.")). This factor therefore weighs in favor of dismissal.

Viewing the record as a whole, and having considered each of the relevant factors, the Court concludes that dismissal for failure to prosecute is an appropriate sanction at this time.

## **CONCLUSION**

For the reasons stated above, Plaintiff's claims against Defendant Mahamadou S. Sankareh are dismissed for failure to prosecute. The Clerk of Court is directed to close this case.

Dated:  New York, New York
       March 17, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge